## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DANIEL SEAN COOPER,

                     Petitioner,           :    Case No. 3:20-cv-386

    - vs -                           District Judge Douglas R. Cole
                                       Magistrate Judge Michael R. Merz

WARDEN, Orient
  Correctional Institution,

                                 :
                  Respondent.

## REPORT AND RECOMMENDATIONS

On February 10, 2020, Daniel Sean Cooper signed and sent to the Clerk for filing the document which has been docketed at ECF No. 1. On March 16, 2020, the Clerk responded with a deficiency letter advising Cooper that he was required to pay the filing fee and provide copies of the Complaint and Summonses for each named Defendant, as well as a Marshal's service form. *Id.* at PageID 17, et seq. The Clerk further advised Cooper:

> If you do not provide the item(s) checked above within 20 business days from the date of this letter or unless otherwise directed by the Court, your initial filings will be sent to a Judge for review. The absence of these item(s) might cause the Judge to reject your filings.

*Id.* at PageID 19.

Instead of providing any of those documents, Cooper sent the letter which appears at ECF No. 1-2. In it he makes clear his intention is to sue John and Connie Oldham for attempted murder.

1

He accuses the Oldhams of having had persons on the Ohio Department of Rehabilitation and Corrections ("ODRC") staff break his ribs[1].

Cooper's letter makes it clear that he is not seeking habeas corpus relief in this case although he expects to use any proceeds of the suit to eventually overturn his conviction. Accordingly the Magistrate Judge will screen the case as a civil case subject to initial screening under the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"). Under the PLRA

> the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

Cooper's Complaint does not state a claim upon which relief can be granted by this Court. While conspiracy to commit murder is certainly a legal wrong for which someone may be sued, John and Connie Oldham are alleged to be residents of Fairlawn, Ohio, and Cooper is in custody at the Ohio Correctional Reception Center. Ordinary civil lawsuits to recover money for torts such as a conspiracy to harm can be brought in federal court only if all the parties are residents of

---

[1] Cooper does not discuss the reason why he is in ODRC custody, but the ODRC website reports that he is serving a twenty-eight year sentence for conviction on thirteen counts of pandering sexual material involving minors. https://appgateway.drc.ohio.gov/OffenderSearch, visited September 20, 2020.

different States.  28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799).  Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it.  *Bingham v. Cabot,* 3 U.S. 382 (1798).  The burden of proof is on the party asserting jurisdiction if it is challenged.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935).  A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Capron v. Van Noorden*, 6 U.S. 126 (1804); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908);  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)* (quoting *Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868))*. Even if the parties fail to address jurisdiction in their briefs, "we are under an independent obligation to police our own jurisdiction." *Bonner v. Perry,* 564 F.3d 424, 426 (6th Cir. 2009) (quoting *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001)).

Because this Court lacks subject matter jurisdiction of Cooper's claims, the case should be dismissed without prejudice for lack of subject matter jurisdiction.  In the interest of judicial

economy, the issue of the filing fee should be treated as moot.

September 20, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.